**19SL-CC02723**

Electronically Filed - St Louis County - July 02, 2019 - 03:28 PM

### IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI
### TWENTY-FIRST JUDICIAL CIRCUIT

| | |
|---|---|
| **NANCY E. LUEDERS** | |
| Plaintiff, | Cause No. |
| v. | Division No. |
| **MASTEC NORTH AMERICA, INC.,** | **PREMISES LIABILITY** |
| Serve: CSC – Lawyers Incorporating | **(in excess of $25,000.00)** |
| Service Company | |
| 221 Bolivar Street | **JURY TRIAL DEMANDED** |
| Jefferson City, MO 65101 | |
| and | |
| **AT&T CORP.,** | |
| Serve: CT Corporation System | |
| 120 South Central Avenue | |
| Clayton, MO 63105 | |
| Defendants. | |

## PETITION

COMES NOW Plaintiff Nancy Lueders, by and through her undersigned attorneys of record, and for her cause of action against Defendant MasTec North America, Inc., and Defendant AT&T Corp., states as follows:

## PARTIES

1.  Plaintiff Nancy Lueders, at all times material hereto, was a resident of the State of Missouri.

2.  Defendant MasTec North America, Inc. (hereinafter "MasTec") is a Florida corporation authorized to do business in the State of Missouri with offices at 4 Midwest Drive, Pacific, Missouri 63069.

**EXHIBIT A**

Electronically Filed - St Louis County - July 02, 2019 - 03:28 PM

3.      Defendant AT&T Corp. (hereinafter "AT&T") is a New York corporation authorized to do business in the State of Missouri with offices at 1000 North 14th Street, St. Louis, Missouri 63106.

## VENUE AND JURISDICTION

4.      Venue is proper in the Circuit Court of St. Louis County pursuant to Mo. R Stat. §508.010, because the events that gave rise to this lawsuit occurred in St. Louis County, Missouri.

## FACTUAL ALLEGATIONS

5.      At all times material hereto, Plaintiff is and was a quadriplegic, bound to a wheelchair.

6.      At all times material hereto, Plaintiff was lawfully permitted to utilize the public sidewalk located at or near 212 North Kirkwood Road, St. Louis, Missouri 63122.

7.      On April 30, 2018, Defendant MasTec applied for a permit with the City of Kirkwood to perform excavation work on behalf of Defendant AT&T on a public sidewalk block located at or near 212 North Kirkwood Road, St. Louis, Missouri 63122.

8.      On May 16, 2018, Defendant MasTec's application for the excavation permit was approved by the City of Kirkwood – Department of Public Services.

9.      At all times material hereto, Defendant AT&T was the party responsible to inspect and ensure the performance of Defendant MasTec's excavation project located on the public sidewalk block located at or near 212 North Kirkwood Road, St. Louis, Missouri 63122.

10.     At all times material hereto, Defendant MasTec excavated, and/or performed construction on the public sidewalk block located at or near 212 North Kirkwood Road, St. Louis, Missouri 63122.

Electronically Filed - St Louis County - July 02, 2019 - 03:28 PM

11.     On or about June 1, 2018, the sidewalk block at or near 212 North Kirkwood Road, St. Louis, Missouri, was completely removed, and loose gravel surrounded an exposed AT&T box in the middle of the sidewalk block, as pictured below:



12.     On or about June 1, 2018, Plaintiff was carefully and cautiously utilizing the sidewalk in her motorized scooter when she encountered the loose gravel-filled sidewalk block and exposed AT&T box. The impact from her contact with the AT&T box caused, allowed and permitted the Plaintiff's scooter to overturn and her to fall out of her scooter and into the street.

13.     As a result, Plaintiff suffered serious and permanent bodily injuries and sustained damages as set forth herein.

Electronically Filed - St Louis County - July 02, 2019 - 03:28 PM

## COUNT I
### (Negligence v. MasTec)

COMES NOW Plaintiff and for Count I of her cause of action against Defendant MasTec states as follows:

14.     Plaintiff repeats and incorporates by reference the allegations contained in all of the preceding paragraphs as if fully set forth herein.

15.     At all times relevant herein, Defendant MasTec acted through its agents, servants and employees who acted within the course and scope of their agency and employment.

16.     Through Defendant MasTec's conduct, Defendant MasTec had and assumed a duty to put pedestrians on notice of work being done on the sidewalk.

17.     Plaintiff's damages and injuries were the direct and proximate result of the carelessness and negligence of Defendant MasTec in the following respects:

(a)     Defendant MasTec failed to maintain the sidewalk in a reasonably safe condition;

(b)     Defendant MasTec failed to provide the Plaintiff with notice of the sidewalk block's impaired and unsafe condition in accordance with § 319.035, RSMo.

(c)     Defendant MasTec failed to provide the Plaintiff with notice of the sidewalk block's impaired and unsafe condition in accordance with Chapter 20 of the Kirkwood Code of Ordinances;

(d)     Defendant MasTec failed to barricade the sidewalk;

(e)     Defendant MasTec failed to include "Sidewalk Closed" or other signage placed within proximate distance of the excavation; and

Electronically Filed - St Louis County - July 02, 2019 - 03:28 PM

(f)    Such further negligence as will be revealed through discovery and the evidence.

18.    Defendant MasTec's excavation left the sidewalk in a dangerous and hazardous condition unreasonably unsafe for use by pedestrians, especially wheelchair bound pedestrians, in the following respects:

(a)    The gravel-filled sidewalk block's surface was rocky, uneven, and unstable;

(b)    The sidewalk block was under-filled with gravel, leaving a pothole-like divot between the gravel and the surrounding concrete sidewalk blocks;

(c)    The sidewalk block contained an AT&T box that was not level with the gravel and consequently caused the box to protrude from the surrounding gravel; and

(d)    Such further respects as will be revealed through discovery and the evidence.

19.    Before Plaintiff's injury, Defendant MasTec knew or reasonably should have known of the unreasonably dangerous condition of the sidewalk block but failed to make pedestrians aware of this condition.

20.    As a direct and proximate result of the negligence and careless acts of Defendant MasTec, Plaintiff was caused to suffer actual damages, including severe and permanent mental and physical injuries, mental anguish and emotional distress.

21.    As a result of her injuries, Plaintiff's ability to enjoy the ordinary pursuits of life has been impaired and diminished and will continue in the future.

22.    As a direct result of the Defendant MasTec's negligent act and omissions, Plaintiff has been required to undergo necessary and extensive medical, hospital, therapeutic and

Electronically Filed - St Louis County - July 02, 2019 - 03:28 PM

rehabilitative care and treatment. As a result, thereof, Plaintiff has incurred medical expenses for such necessary care and treatment.

23.     As a direct result of the Defendant MasTec's negligent act and omissions, Plaintiff will be required to undergo necessary and extensive medical, hospital, therapeutic and rehabilitative care and treatment in the future. As a result, Plaintiff will incur further such expenses in the future.

24.     The conduct of Defendant MasTec as described above demonstrates a complete indifference to and/or disregard for the safety of others, justifying an award of punitive damages in such sum which were serve to punish Defendant MasTec and deter Defendant MasTec and others from like conduct in the future.

WHEREFORE, Plaintiff Nancy E. Lueders respectfully requests judgment in her favor and against Defendant MasTec for a fair and reasonable amount in excess of Twenty-Five Thousand Dollars ($25,000.00), for her costs herein incurred, for pre- and post-judgment interest, for punitive damages and for such other and further relief as the Court deems just and proper under the circumstances.

**COUNT II**
**(Negligence *Per Se* v. MasTec)**

COMES NOW Plaintiff and for Count II of her cause of action against Defendant MasTec states as follows:

25.     Plaintiff repeats and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

26.     At all times relevant herein, Defendant MasTec acted through its agents, servants and employees who acted within the course and scope of their agency and employment.

Electronically Filed - St Louis County - July 02, 2019 - 03:28 PM

27.     According to § 319.035, RSMo., Defendant MasTec was required to excavate in a careful and prudent manner. Defendant failed to do so in the following ways:

      (a)     Failure to give notice;

      (b)     Failure to mark facilities;

      (c)     Failure to use signage to give notice of the excavation site;

      (d)     Failure to give notice by barricading the excavation site;

      (e)     Failure to give notice or mark facilities by any other reasonable means; and

      (f)     Such further acts as will be revealed through discovery and the evidence.

28.     Before Plaintiff's injury, Defendant MasTec knew or reasonably should have known of the unreasonably dangerous condition of the sidewalk block but failed to make pedestrians aware of this condition.

29.     The purpose of safety statute § 319.035, RSMo. is to prevent the occurrence of injury, loss, or damage as the result of unsafe excavation procedures and policies.

30.     Plaintiff is a member of the class of persons that § 319.035, RSMo. is intended to protect.

31.     The injuries sustained by Plaintiff are of the nature that § 319.035, RSMo. is designed to prevent.

32.     As a direct and proximate result of the negligence and careless violation of the statute mentioned above, Plaintiff was caused to suffer actual damages, including severe and permanent mental and physical injuries, mental anguish and emotional distress.

33.     As a result of her injuries, Plaintiff's ability to enjoy the ordinary pursuits of life has been impaired and diminished and will continue in the future.

Electronically Filed - St Louis County - July 02, 2019 - 03:28 PM

34.     As a direct result of the Defendant MasTec's negligence and careless violation of the statute, Plaintiff has been required to undergo necessary and extensive medical, hospital, therapeutic and rehabilitative care and treatment. As a result, thereof, Plaintiff has incurred medical expenses for such necessary care and treatment.

35.     As a direct result of the Defendant MasTec's negligence and careless violation of the statute, Plaintiff will be required to undergo necessary and extensive medical, hospital, therapeutic and rehabilitative care and treatment in the future. As a result, Plaintiff will incur further such expenses in the future.

36.     The conduct of Defendant MasTec as described above demonstrates a complete indifference to and/or disregard for the safety of others, justifying an award of punitive damages in such sum which were serve to punish Defendant MasTec and deter Defendant MasTec and others from like conduct in the future.

WHEREFORE, Plaintiff Nancy E. Lueders respectfully requests judgment in her favor and against Defendant MasTec for a fair and reasonable amount in excess of Twenty-Five Thousand Dollars ($25,000.00), for her costs herein incurred, for pre- and post-judgment interest, for punitive damages and for such other and further relief as the Court deems just and proper under the circumstances.

### COUNT III
**(Respondeat Superior v. AT&T)**

COMES NOW Plaintiff and for Count III of her cause of action against Defendant AT&T states as follows:

37.     Plaintiff repeats and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

Electronically Filed - St Louis County - July 02, 2019 - 03:28 PM

38.    At set forth in Counts I-II, which are fully incorporated herein, Defendant MasTec's gross incompetence and negligence were the direct and proximate cause of Plaintiff's severe and permanent injuries.

39.    Such acts and omissions were committed within the scope or apparent scope of Defendant MasTec's association with Defendant AT&T, and as such Defendant AT&T is vicariously liable to Plaintiff to the same extent as Defendant MasTec.

40.    As a direct and proximate result of the negligence and careless acts mentioned above, Plaintiff was caused to suffer actual damages, including severe and permanent mental and physical injuries, mental anguish and emotional distress.

41.    As a result of her injuries, Plaintiff's ability to enjoy the ordinary pursuits of life has been impaired and diminished and will continue in the future.

42.    As a direct result of the Defendant AT&T's vicarious acts, Plaintiff has been required to undergo necessary and extensive medical, hospital, therapeutic and rehabilitative care and treatment. As a result, thereof, Plaintiff has incurred medical expenses for such necessary care and treatment.

43.    As a direct result of the Defendant AT&T's vicarious acts, Plaintiff will be required to undergo necessary and extensive medical, hospital, therapeutic and rehabilitative care and treatment in the future. As a result, Plaintiff will incur further such expenses in the future.

44.    The conduct of Defendant AT&T as described above demonstrates a complete indifference to and/or disregard for the safety of others, justifying an award of punitive damages in such sum which were serve to punish Defendant AT&T and deter Defendant AT&T and others from like conduct in the future.

Electronically Filed - St Louis County - July 02, 2019 - 03:28 PM

WHEREFORE, Plaintiff Nancy E. Lueders respectfully requests judgment in her favor and against Defendant AT&T for a fair and reasonable amount in excess of Twenty-Five Thousand Dollars ($25,000.00), for her costs herein incurred, for pre- and post-judgment interest, for punitive damages and for such other and further relief as the Court deems just and proper under the circumstances.

## COUNT IV
### (Negligence v. AT&T)

COMES NOW Plaintiff and for Count IV of her cause of action against Defendant AT&T states as follows:

45.    Plaintiff repeats and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

46.    Defendant AT&T hired Defendant MasTec as the excavating contractor whereby Defendant MasTec excavated the above-mentioned sidewalk block for the purposes of performing a fiber cable installation on behalf of Defendant AT&T.

47.    Defendant MasTec was an agent for Defendant AT&T and Defendant MasTec was acting within the course and scope of their agency and employment for Defendant AT&T.

48.    Defendant MasTec excavated and performed the necessary construction tasks using materials furnished by Defendant AT&T.

49.    Plaintiff's damages and injuries were the direct and proximate result of the carelessness and negligence of Defendant AT&T in the following respects:

(a)    Defendant AT&T was negligent in its hiring of Defendant MasTec by not properly investigating their prior work log, prior project performances, history of safe work practices, currently implemented safety protocols, prior

Electronically Filed - St Louis County - July 02, 2019 - 03:28 PM

or pending litigation suits, and any and all vetting standards used in hiring by Defendant AT&T;

(b)    Defendant AT&T was negligent in its retention of Defendant MasTec by continuing to retain them although Defendant AT&T knew or had reason to believe that Defendant MasTec was incompetent, unequipped, and inadequately trained to perform the excavation as evident through their blatant disregard for proper industry protocol and Missouri safety statutes pertaining to excavation procedures;

(c)    Defendant AT&T was negligent in its supervision of Defendant MasTec in the following respects:

(i) As the supervising party, Defendant AT&T had and assumed a duty to provide proper oversight for their contractor, Defendant MasTec;

(ii) As the supervising party, Defendant AT&T failed to oversee and direct the manner of Defendant MasTec's performance to ensure the sidewalk was maintained in a reasonably safe condition;

(iii) As the supervising party, AT&T failed to oversee and direct Defendant MasTec to provide Plaintiff and the general public with proper notice of the sidewalk's impaired condition. There were no signs or barricades or any other measure to indicate the sidewalk was under construction and potentially hazardous;

Electronically Filed - St Louis County - July 02, 2019 - 03:28 PM

(iv) As the supervising party, Defendant AT&T failed to oversee and direct Defendant MasTec to perform their work in accordance with the Kirkwood Code of Ordinances; and

(v) Such further acts as will be revealed through discovery and the evidence.

50.     The excavation performed by Defendant AT&T's agent, MasTec, left the sidewalk in a dangerous and hazardous condition unreasonably unsafe for use by pedestrians, especially wheelchair bound pedestrians, in the following respects:

(a)     The gravel-filled sidewalk block's surface was rocky, uneven, and unstable;

(b)     The sidewalk block was under-filled with gravel, leaving a pothole-like divot between the gravel and the surrounding concrete sidewalk blocks; and

(c)     The sidewalk block contained an AT&T box that was not level with the gravel and consequently caused the box to protrude from the surrounding gravel; and

(d)     Such further acts as will be revealed through discovery and the evidence.

51.     Before Plaintiff's injury, Defendant AT&T knew or reasonably should have known of the unreasonably dangerous condition of the sidewalk block but failed to make pedestrians aware of this condition.

52.     As a direct and proximate result of the negligence and careless acts of Defendant AT&T, Plaintiff was caused to suffer actual damages, including severe and permanent mental and physical injuries, mental anguish and emotional distress.

53.     As a result of her injuries, Plaintiff's ability to enjoy the ordinary pursuits of life has been impaired and diminished and will continue in the future.

Electronically Filed - St Louis County - July 02, 2019 - 03:28 PM

54.     As a direct result of the Defendant AT&T's negligent act and omissions, Plaintiff has been required to undergo necessary and extensive medical, hospital, therapeutic and rehabilitative care and treatment. As a result, thereof, Plaintiff has incurred medical expenses for such necessary care and treatment.

55.     As a direct result of Defendant AT&T's negligent act and omissions, Plaintiff will be required to undergo necessary and extensive medical, hospital, therapeutic and rehabilitative care and treatment in the future. As a result, Plaintiff will incur further such expenses in the future.

56.     The conduct of Defendant AT&T as described above demonstrates a complete indifference to and/or disregard for the safety of others, justifying an award of punitive damages in such sum which were serve to punish Defendant AT&T and deter Defendant AT&T and others from like conduct in the future.

WHEREFORE, Plaintiff Nancy E. Lueders respectfully requests judgment in her favor and against Defendant AT&T for a fair and reasonable amount in excess of Twenty-Five Thousand Dollars ($25,000.00), for her costs herein incurred, for pre- and post-judgment interest, for punitive damages and for such other and further relief as the Court deems just and proper under the circumstances.

**THE SIMON LAW FIRM, P.C.**

By:  /s/ Erica B. Slater
      Erica B. Slater, #63716
      800 Market Street, Suite 1700
      St. Louis, MO 63101
      P: (314) 241-2929
      F: (314) 241-2029
      E: eslater@simonlawpc.com
      *Attorneys for Plaintiff*