## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| NANCY LUEDERS, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )      **Case No. 4:19CV2385 HEA** |
| | ) |
| MASTEC NORHT AMERICA, INC. | ) |
| and SOUTHWESTERN BELL | ) |
| TELEPHONE COMPANY d/b/a | ) |
| AT&T MISSOURI | ) |
| | ) |
| **Defendants.** | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motions to Dismiss First Amended Complaint Claims for Punitive Damages, [Doc. No's. 26 and 29]. Plaintiff has responded to the motion within the prescribed time period.   For the reasons set forth below, the Motions will be denied.

### Facts and Background

Plaintiff's First Amended Complaint alleges the following:

Plaintiff is and was a quadriplegic, bound to a wheelchair at the time of the incident herein. Plaintiff was lawfully permitted to utilize the public sidewalk located at or near 212 North Kirkwood Road, St. Louis, Missouri 63122.

On April 30, 2018, Defendant MasTec applied for a permit with the City of

Kirkwood to perform excavation work on behalf of Defendant SWBT on a public sidewalk block located at or near 212 North Kirkwood Road, St. Louis, Missouri 63122. On May 16, 2018, Defendant MasTec's application for the excavation permit was approved by the City of Kirkwood – Department of Public Services.

Defendant SWBT was the party responsible to inspect and ensure the performance of Defendant MasTec's excavation project located on the public sidewalk block located at or near 212 North Kirkwood Road, St. Louis, Missouri 63122.

Defendant MasTec excavated, and/or performed construction on the public sidewalk block located at or near 212 North Kirkwood Road, St. Louis, Missouri 63122.

On June 1, 2018, the sidewalk block at or near 212 North Kirkwood Road, St. Louis, Missouri, was completely removed, and loose gravel surrounded an exposed AT&T box in the middle of the sidewalk block.

Plaintiff was carefully and cautiously utilizing the sidewalk in her motorized scooter on June 1, 2018 when she encountered the loose gravel-filled sidewalk block and exposed AT&T box. The impact from her contact with the AT&T box caused, allowed and permitted the Plaintiff's scooter to overturn and her to fall out

2

of her scooter and into the street. As a result, Plaintiff suffered serious and permanent bodily injuries and sustained damages.

Defendants move to dismiss Plaintiff's claims for punitive damages.

## Discussion

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint in order to eliminate those actions "which are fatally flawed in their legal premises...thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

A pleading is deficient and may be dismissed under Rule 12(b)(6) if a plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Rule 12(b)(6) is read in conjunction with Federal Rule of Civil Procedure 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 "does not require 'detailed factual allegations,'

3

but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). The complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory," and "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [each element]." *Twombly*, 550 U.S. at 562. The reviewing court must accept the plaintiff's factual allegations as true and construe them in the plaintiff's favor, but it is not required to accept the legal conclusions that plaintiff draws from the facts alleged. *Iqbal*, 556 U.S. at 678; *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012). A court must "draw on its judicial experience and common sense," and consider the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679).

4

Defendants ask the Court to dismiss Plaintiff's request for punitive damages, arguing that the allegations in Plaintiff's First Amended Complaint, taken as true, do not rise to the level required to award punitive damages. Plaintiff argues that her punitive damages request should survive the pleading stage.

"A punitive damage claim is not a separate cause of action, it must be brought in conjunction with a claim for actual damages." *Misischia v. St. John's Mercy Med. Ctr.,* 30 S.W.3d 848, 866 (Mo. Ct. App. 2000)(abrogated on other grounds, *Ellison v. Fry*, 437 S.W.3d 762 (Mo. 2014); *Kelly v. State Farm Mut. Auto. Ins. Co.*, 218 S.W.3d 517, 526 (Mo. Ct. App. 2007)(finding where the plaintiffs failed to prove an underlying cause of action supporting a punitive damages award, the award in the judgment was reversed). "There is no independent cause of action for punitive damages under either federal or Missouri law." *Jackson v. Wiersema Charter Serv., Inc.*, No. 4:08CV00027 JCH, 2009 WL 1310064, at *3 (E.D. Mo. May 11, 2009) (quoting *Reed v. Bd. of Trs. of Columbia College,* No. 07–04155–CV–C–NKL, 2008 U.S. Dist. LEXIS 105167, at *41, 2008 WL 5432287 (W.D. Mo. Dec. 31, 2008)). "In Missouri, punitive damages do not and cannot exist as an independent cause of action; they are mere incidents to the cause of action and can never constitute the basis thereof." *Hurley v. Smithway Motor Express,* No. 4:05cv901, 2006 U.S. Dist. LEXIS 76095, at *5 (E.D. Mo.

5

Oct. 19, 2006); *Jackson*, 2009 WL 1310064, at *3. (finding where a count failed to allege any claim for actual damages, any independent cause of action included within the allegations of that count, was redundant and properly dismissed). Rather, punitive damages are a form of relief that may be sought for an underlying cause of action. *Stube v. Pfizer Inc.*, No. 6:19-CV-6087, 2020 WL 1249909, at *12 (W.D. Ark. Mar. 16, 2020). Thus, punitive damages are not a "claim" subject to a Rule 12(b)(6) motion to dismiss. *Benedetto v. Delta Air Lines, Inc.*, 917 F. Supp. 2d 976, 984 (D.S.D. 2013); *Sec. Nat'l Bank of Sioux City, Iowa v. Abbott Labs.*, No. 11-cv-4017-DEO, 2012 WL 327863, at *21 (N.D. Iowa Feb. 1, 2012).   As such, the demand for punitive damages cannot be the subject of a motion to dismiss.

## Conclusion

Based upon the foregoing analysis, the Motions to Dismiss seek a ruling on an issue of trial proof rather than on any of Plaintiff's causes of action, and therefore must be denied.[1]

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss First

---

1 Defendants are not precluded from seeking dismissal of the demand for punitive damages if Plaintiff' fails to establish the necessary proof of facts which would give rise to an award of punitive damages at trial.

Amended Complaint Claims for Punitive Damages, [Doc. No.'s 26 and 29] are

**denied.**

Dated this 23rd day of April, 2020.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

7